In re CITIFINANCIAL SERVICES IN-
CORPORATED PRESCREENED
OFFER LITIGATION

Chana Hecht v. CitiFinancial Services,
Inc., D. Connecticut, C.A. No.
3:06-1632

Frank N. Hernandez, Jr. v. CitiFi-
nancial Services, Inc., N.D.Il-
linois, C.A. No. 1:05-2263

Nellie A. Chudzikiewicz v. CitiFinan-
cial Services, Inc., D. Massachu-
setts, C.A. No. 4:06-40201

John C. Barrett v. CitiFinancial
Services, Inc., E.D. Missouri,
C.A. No 4:06-887

Mary Forrest v. CitiFinancial,
Inc., E.D. Wisconsin, C.A.
No. 2:06-294

No. MDL 1818.

Judicial Panel on Multidistrict Litigation.

Feb. 15, 2007.

Before WM. TERRELL HODGES,*

* Judges Hodges and Jensen took no part in the      decision of this matter.

Chairman, D. LOWELL JENSEN,* J. FREDERICK MOTZ, ROBERT L. MILLER, Jr., KATHRYN H. VRATIL, DAVID R. HANSEN and ANTHONY J. SCIRICA, Judges of the Panel.

## TRANSFER ORDER

J. FREDERICK MOTZ, Acting Chariman.

This litigation currently consists of five actions pending, respectively, in the District of Connecticut, the Northern District of Illinois, the District of Massachusetts, the Eastern District of Missouri, and the Eastern District of Wisconsin.[1] Before the Panel is a motion, pursuant to 28 U.S.C. § 1407, brought by plaintiffs in the actions in the District of Connecticut and the Northern District of Illinois for coordinated or consolidated pretrial proceedings of the five actions in the Northern District of Illinois. CitiFinancial Services, Inc. (Citifinancial), the common defendant in all actions, and plaintiff in the District of Massachusetts action support plaintiffs' motion. Plaintiff in the Eastern District of Wisconsin action (*Forrest*) opposes inclusion of her action in any centralized proceedings.

■ On the basis of the papers filed and hearing session held (without oral argument), the Panel finds that these five actions involve common questions of fact, and that centralization under Section 1407 in the Northern District of Illinois will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. The actions are putative statewide class actions brought on behalf of persons who, over varying time periods, received certain prescreened mailings from Citifinancial. All actions allege that Citifinancial violated the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*, by using consumer reports for purposes of mailing prescreened offers of credit for loans to plaintiffs and potential class members. Centralization under Section 1407 is necessary in order to eliminate duplicative discovery; prevent inconsistent pretrial rulings; and conserve the resources of the parties, their counsel and the judiciary.

The sole objecting plaintiff asserts that transfer under Section 1407 is not necessary because the actions do not present overlapping classes or issues of fact. We disagree. Regardless of any differences among the actions, they raise common factual questions regarding Citifinancial's prescreening practices. Transfer under Section 1407 has the salutary effect of placing all actions in this docket before a single judge who can formulate a pretrial program that: 1) allows discovery with respect to any non-common issues to proceed concurrently with discovery on common issues, *In re Smith Patent Litigation,* 407 F.Supp. 1403, 1404 (Jud.Pan. Mult.Lit.1976); and 2) ensures that pretrial proceedings will be conducted in a streamlined manner leading to the just and expeditious resolution of all actions to the overall benefit of the parties and the judiciary.

■ We are persuaded that the Northern District of Illinois is an appropriate transferee forum for this docket. The action in the Northern District of Illinois, which is proceeding well, has been pending months longer than those filed elsewhere, and the district has the support of the plaintiffs in three actions and the common defendant. Moreover, the judge to whom we are assigning this litigation possesses

1. The Panel has been notified of two additional actions pending, respectively, in the Northern District of Indiana and Middle District of Louisiana. In light of the Panel's decision in this docket, these actions and any other related actions will be treated as potential tagalong actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435–36 (2001).

favorable caseload conditions and the familiarity with this litigation to steer it on a prudent course.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions pending outside the Northern District of Illinois are transferred to the Northern District of Illinois and, with the consent of that court, assigned to the Honorable Mark R. Filip for coordinated or consolidated pretrial proceedings with the action pending in that district.